**Juljana PALAJ, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 04–5014–AG.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Theodore N. Cox, New York, New York, for Petitioner.

David H. Nahmias, United States Attorney for the Northern District of Georgia, Aileen Bell Hughes, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. DENNIS JACOBS, and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

In December 2002, Palaj, a native and resident of Albania, filed an application for asylum, withholding of removal and CAT relief. In her application, Palaj stated that if she is returned yo Albania, she strongly believes she will be killed, raped, arrested, or tortured by the government authorities of the Socialist Party or by their political supporters who are dangerous and eager to hurt their political opponents.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). While we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang*, 386 F.3d at 74, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales*, 331 F.3d at 307, 312. In this case, we need not decide whether the IJ's adverse credibility finding was flawed; even treating Palaj's testimony as credible, she did not establish that she had ever been persecuted or that she holds a well-founded fear of persecution.

Palaj claimed that she was persecuted in Albania because of two events. The first incident involved a threat from a government official in September 2001. Palaj understood the threat to mean that if she remained a member of the Democratic Youth Forum she would be kidnaped and sold as a prostitute in Italy. The statement was mere harassment. Additionally, the individual did not make an imminent threat of harm to her life, nor did he ever act on his threat. Palaj testified that nothing happened after this incident. This incident occurred in September 2001 and

Palaj never saw the man again in the eight months between the incident and when she left Albania in May 2002.

The second incident occurred in March 2002 and not was related to the September 2001 event. Palaj was held by two men. One of the men unbuttoned her shirt and threatened to cut her if she shouted. The two men ran off when a neighbor saw them. Palaj did not identify these men as government or state actors and the confrontation did not rise to the level of persecution. These two unrelated and isolated incidents that took place six months apart do not rise to the level of persecution as contemplated by the Act, even when viewed cumulatively. *See Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir.2005).

Palaj claimed in her testimony that she fears returning to Albania because she believes she will be jailed or killed for her involvement in the Democratic Party. A fear may be well-founded even if there is only a slight chance of persecution. *Diallo*, 232 F.3d at 284. However, the evidence in the record does not compel us to find that the chance of being persecuted is sufficiently large to warrant overturning the IJ's findings.

Palaj has not challenged the IJ's denial of her CAT claim in her brief to this Court, so any such challenge is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. Oct.13, 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).